## 30941. O'KELLEY v. SHELL et al.

GUNTER, Justice.

In 1949 Mrs. Shell, the appellee here, filed an action against her brother and sister individually and in their capacity as representatives of the estate of their deceased mother. Mrs. Shell was also one of the personal representatives of the estate of their deceased mother, and her action against her brother and sister essentially contended that the estate was to be divided under the will among the three of them and that her brother and sister were excluding her from the management of the estate, appropriating the estate to themselves to her detriment, and commingling the assets of the estate with their own personal assets.

This case refutes the axiom that a simple will effects a timely and economic settlement and conclusion of an

estate. The testatrix died January 22, 1946, and by her will she left her entire estate to her three children in equal shares and appointed them as joint executors of her estate. Now, thirty years after the death of the testatrix, her estate is still involved in litigation between the beneficiaries. The copying of the transcripts of evidence was so burdensome upon the trial court clerk that the trial judge ordered the original seventeen volumes of the transcripts sent up to this court from the trial court without copying.

After the filing of responsive pleadings the record shows that the case was referred to an auditor and a receiver was appointed. A number of reports to the court were filed by the auditor through the years, and his final "Rewritten Report" was filed on March 22, 1967.

On December 21, 1967, all parties waived a jury trial: "The parties in the above-styled case hereby waive a jury trial and expressly agree to let all issues of law and fact be tried by the court without intervention by jury."

One of the defendants in the case died in June of 1974, and John B. O'Kelley, her administrator, was substituted as a party defendant in her place. In June of 1975, John B. O'Kelley, the substituted party defendant, filed a demand for jury trial in the case. On August 13, 1975, the trial judge entered judgment denying the demand for jury trial and adopting the auditor's last "Rewritten Report" as the judgment of the court.

John B. O'Kelley, the substituted party defendant, has appealed from the final judgment of the trial court. The other party defendant did not join in the appeal.

The first enumerated error complains of the denial of a jury trial contained in the trial court's final judgment. Since the record shows a waiver of jury trial by the original defendant in the case, the present appellant as a substituted party for her was and is bound by that waiver. Furthermore, this case is obviously an equity case, and a party is not entitled to a jury trial as a matter of right in an equitable action.

Another enumerated error contends that the trial court erred in failing to set forth findings of fact and conclusions of law in the final judgment. The final judgment adopted the auditor's report that fully set forth

findings of fact and conclusions of law.

The other enumerated errors relate to factual determinations made by the auditor and approved and adopted by the trial judge. These enumerated errors are without merit.

We find no reversible error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 16, 1976 — DECIDED JUNE 8, 1976.

*William J. Porter, Jr.,* for appellant.
*James R. Venable,* for appellees.